## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JERELYN DENSON and TYEA SANTIAGO, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL JAZZ INC., <br><br> Defendant. | Civil Action No.: <br><br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs Jerelyn Dension and Tyea Santiago ("Plaintiffs") individually and on behalf of all those similarly situated, by and through their attorneys, bring this action against Defendant Capital Jazz, Inc. ("Capital Jazz" or "Defendant") and allege as follows:

## INTRODUCTION

1.      This action arises from Defendant's refusal to issue refunds to consumers who booked and paid, in full, for a cruise chartered by Defendant, that Defendant canceled a week before the cruise was scheduled to set sail.

2.      Specifically, Defendant chartered Royal Caribbean International's ("Royal Caribbean") M/V *Independence of the Seas*, for an 8-night jazz-themed cruise called "SuperCruise XIV" (the "Cruise"), which was scheduled to set sail from Port Canaveral, Florida on January 14, 2022.

3.      A week before the cruise was scheduled to depart, Defendant sent passengers an email informing them that it had canceled the Cruise and offered them a full refund (less a 3% for credit card payments).

4.      Despite cancelling the Cruise and promising passengers a full refund, Defendant has failed to refund Plaintiffs and members of the classes alleged herein for the amounts they paid Defendant for the canceled Cruise.

5.      As a result, Plaintiffs and class members have suffered, and continue to suffer, immense harm and damages.

6.      Accordingly, Plaintiffs on behalf of themselves and all others similarly situated, bring this action to redress Defendant's violations of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et seq., Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et seq., and also seek recovery for Defendant's breach of contract, conversion, and unjust enrichment.

## **PARTIES**

**A.      Plaintiff Jerelyn Denson**

7.      Plaintiff Jerelyn Denson ("Plaintiff Denson") resides in Chicago, Illinois.

8.      On September 15, 2021, Plaintiff Denson booked the Cruise for her and her husband totaling $5,325, to be paid in four separate installments from April through October 2021.

9.      Plaintiff Denson made all four installment payments and, thus, paid Defendant a total of $5,325 for the Cruise.

10.      On January 7, 2022, Defendant sent Plaintiff Denson an email stating that Defendant canceled the Cruise.

11.      On January 24, 2022, Defendant sent Plaintiff Denson an email stating, in pertinent part, as follows:

> As announced in our previous email, our 2022 SuperCruise was canceled due to Covid concerns. If you had a reservation on this cruise, there are three options, as outlined below, and we ask that you submit your selected option to us by March 1, 2022.

**1) TRANSFER OPTION:** Transfer your reservation to next year's SuperCruise (sailing January 15-22, 2023), at no additional cost. You will be assigned to the same (or equivalent) cabin category as for the 2022 cruise. The 2023 cruise sails from San Juan, Puerto Rico, with ports of call in St. Croix, Tortola, Ponce (Puerto Rico), and St. Maarten. We will begin announcing the talent lineup for the 2023 cruise in the coming weeks. For more details on the 2023 cruise, CLICK HERE.

**2) CREDIT OPTION:** Receive a full credit to your SuperCruise account (for the full amount you have paid for 2022) for a future SuperCruise through March 2025.

**3) REFUND OPTION.** Receive a refund for the amount paid for 2022, less 3% deduction for any credit card payments made. Please allow up to 90 days for your refund to be processed.

12.     Plaintiff Denson elected the third option offered by Defendant: a refund for the full $5,325 amount she paid Defendant for the Cruise (less 3% deduction for credit card payments).

13.     The next day, on January 25, 2022, Plaintiff Denson submitted her request for a full refund pursuant to Defendant's instructions that all such requests be submitted by March 1, 2022.

14.     To date, Defendant has refused to refund Plaintiff Denson any of the $5,325 amount she paid for the Cruise.

15.     Plaintiff Denson has contacted Defendant approximately 20 times to request a refund of the full amount she paid Defendant, which Defendant promised to return to her. During the first few calls, Defendant's customer service representatives would instruct Plaintiff Denson to be patient and continue to wait for the refund and assured her that she would receive her refund shortly. During other calls to Defendant's customer service line, the representative would claim that he/she would email Plaintiff Denson a check, but thereafter would fail to do so or even follow-up with Plaintiff Denson. During Plaintiff Denson's most recent calls to Defendant's customer service line, no employee of Defendant (or any other individual) ever answers any of the calls.

16.     At the time she booked the Cruise, Plaintiff Denson had no way of knowing (or reason to know) that Defendant would cancel the Cruise and refuse to refund her money. At no

time prior to Plaintiff Denson booking the cruise did Defendant inform her or even mention the possibility that it would refuse to refund any/all of the amount she paid for the Cruise in the event it would be canceled.

17.     Plaintiff Denson relied upon Defendant's promise to issue her a full refund when choosing that option over the other two options offered by Defendant on January 24, 2022, in the wake of canceling the Cruise.

18.     As a result of Defendant's refusal to fulfill its promise to issue her a refund in full for the Cruise, Plaintiff Denson has been deprived of the benefit of the parties' bargain and suffered substantial loss, damages, and harm. Had Plaintiff Denson been aware that Defendant would cancel the Cruise and refuse to issue her a refund, she would not have paid for the Cruise.

**B.     Plaintiff Tyea Santiago**

19.     Plaintiff Tyea Santiago ("Plaintiff Santiago") resides in Ewing, New Jersey.

20.     On September 17, 2021, Plaintiff Santiago booked the Cruise for herself totaling $4,550.

21.     As of October 15, 2021, Plaintiff Santiago made all installment payments and, thus, paid Defendant a total of $4,550 for the Cruise.

22.     On January 7, 2022, Defendant sent Plaintiff Santiago an email stating that Defendant canceled the Cruise.

23.     On January 24, 2022, Defendant sent Plaintiff Santiago an email stating, in pertinent part, as follows:

> As announced in our previous email, our 2022 SuperCruise was canceled due to Covid concerns. If you had a reservation on this cruise, there are three options, as outlined below, and we ask that you submit your selected option to us by March 1, 2022.

**1) TRANSFER OPTION:** Transfer your reservation to next year's SuperCruise (sailing January 15-22, 2023), at no additional cost. You will be assigned to the same (or equivalent) cabin category as for the 2022 cruise. The 2023 cruise sails from San Juan, Puerto Rico, with ports of call in St. Croix, Tortola, Ponce (Puerto Rico), and St. Maarten. We will begin announcing the talent lineup for the 2023 cruise in the coming weeks. For more details on the 2023 cruise, CLICK HERE.

**2) CREDIT OPTION:** Receive a full credit to your SuperCruise account (for the full amount you have paid for 2022) for a future SuperCruise through March 2025.

**3) REFUND OPTION.** Receive a refund for the amount paid for 2022, less 3% deduction for any credit card payments made. Please allow up to 90 days for your refund to be processed.

24.     Plaintiff Santiago elected the third option offered by Defendant: a refund for the full $4,550 amount she paid Defendant for the Cruise (less 3% for credit card payments).

25.     Four days later, on January 28, 2022, Plaintiff Santiago submitted her request for a full refund pursuant to Defendant's instructions that all such requests be submitted by March 1, 2022.

26.     To date, Defendant has refused to refund Plaintiff Santiago any of the $4,550 amount she paid for the Cruise.

27.     Plaintiff Santiago has contacted Defendant approximately 12 times to request a refund of the full amount she paid Defendant, and that Defendant promised to return to her, but every call goes straight to voicemail and does not put her in touch with any employee of Defendant.

28.     At the time she booked the Cruise, Plaintiff Santiago had no way of knowing (or reason to know) that Defendant would cancel the Cruise and refuse to refund her money. At no time prior to Plaintiff Santiago booking the cruise did Defendant inform her or even mention the possibility that it would refuse to refund any/all of the amount she paid for the Cruise in the event it would be canceled.

29.     Plaintiff Santiago relied upon Defendant's promise to issue her a full refund when choosing that option over the other two options offered by Defendant on January 24, 2022, in the wake of canceling the Cruise.

30.     As a result of Defendant's refusal to fulfill its promise to issue her a refund in full for the Cruise, Plaintiff Santiago has been deprived of the benefit of the parties' bargain and suffered substantial loss, damages, and harm. Had Plaintiff Santiago been aware that Defendant would cancel the Cruise and refuse to issue her a refund, she would not have paid for the Cruise.

**C.     Defendant**

31.     Defendant Capital Jazz is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 5907 Clifton Oaks Dr., Clarksville, Maryland. Defendant Capital Jazz is a company that specializes in organizing music-themed cruise ship charters and chartered the Royal Caribbean's M/V *Independence of the Seas* to conduct the Cruise underlying Plaintiffs' claims.

## JURISDICTION AND VENUE

32.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (i) there are 100 or more Class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (iii) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states.

33.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

34.     This Court has personal jurisdiction over Defendant because it is incorporated in this judicial district, has conducted substantial business in this judicial district, and intentionally

and purposefully offered its services in the stream of commerce within Maryland and throughout the United States.

35.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is incorporated in this district, advertises in this district, and has received substantial revenue and profits from its sale of services in this district. Therefore, a substantial part of the events and/or omissions giving rise to the claims herein occurred, in part, within this district.

## FACTUAL ALLEGATIONS

**A.     The Capital Jazz Cruise**

36.     Capital Jazz is a music performance production company that plans, produces, and sells consumers access/tickets to the annual Jazz Fest music festival, and an annual 8-day jazz festival cruise.

37.     For its annual 8-day cruise, Capital Jazz charters cruise ships for the purpose of arranging, offering for sale, and conducting an annual jazz music "festival at sea" voyage.

38.     The Cruise underlying Plaintiffs' claims is one such festival at sea that Capital Jazz arranged, advertised to consumers, and for which it sold reservations.

39.     Specifically, for the Cruise, Capital Jazz contracted with Royal Caribbean to charter every state room in Royal Caribbean's M/V *Independence of the Seas*, the 15-deck cruise ship depicted below:



40.     The Cruise was set to sail for eight nights, from January 14-22, 2022, departing from Port Canaveral in Orlando, Florida.

41.     Capital Jazz advertised that the Cruise would feature more than a dozen musical performers, workshops, comedy shows and other onboard activities.[1]

42.     Capital Jazz charged rates ranging from $1,845 per person for an inside cabin, up to $5,650 per person for a two-bedroom suite, based on double occupancy.[2]

43.     The only way to book reservations for the Cruise was directly through Capital Jazz.

44.     Capital Jazz sold every available room on the Cruise; it completely sold-out the entire ship.[3]

**B.     Capital Jazz Canceled the Cruise Due to COVID Even Though CDC Guidelines Did Not Require it to be Canceled**

45.     The original charter agreement for the Cruise was entered into between Capital Jazz and Royal Caribbean in 2019.

46.     Capital Jazz originally planned and arranged for the Cruise to take place in January 2021, but due to the suspension of passenger cruise operations in United States waters pursuant to the United States Centers for Disease Control and Prevention's ("CDC") "No Sail Order", Capital Jazz postponed the voyage until January 2022.

47.     On December 30, 2021, the CDC issued a Level 4 COVID-19 Travel Health Notice (the "Travel Health Notice") pertaining to cruise ship travel.[1]

---

[1] https://wjla.com/features/i-team/capital-jazz-cruise-fest-maryland-refund-covid-19-cancellation-7news-royal-carribbean-maryland-dc-virginia-cdc-travel-warning-lawsuit
[2] https://www.cruisecritic.com/articles.cfm?ID=5273
[3] https://www.cruisecritic.com/articles.cfm?ID=5273

48.     The Travel Health Notice increased the warning level for cruise ship travel based on COVID-19 but had no effect on Royal Caribbean's and, in turn, Capital Jazz's, operation of the M/V *Independence of the Seas*.

49.     The CDC's Travel Health Notice also did not prevent Royal Caribbean from operating the Cruise for Capital Jazz.

50.     Yet, on January 7, 2022—only one week before the Cruise was scheduled to set sail—Capital Jazz canceled the Cruise based solely on the Travel Health Notice even though that notice did not prohibit the Cruise from going forward on its scheduled date.

**C.     Capital Jazz Voluntarily Offered all Cruise Passengers to Request a Full Refund for the Cruise**

51.     On January 24, 2022—17 days after canceling the Cruise—Capital Jazz sent a uniform, standardized email to all Cruise passengers (including Plaintiffs) providing them with the following three options:

> As announced in our previous email, our 2022 SuperCruise was canceled due to Covid concerns. If you had a reservation on this cruise, there are three options, as outlined below, and we ask that you submit your selected option to us by March 1, 2022.
>
> **1) TRANSFER OPTION:** Transfer your reservation to next year's SuperCruise (sailing January 15-22, 2023), at no additional cost. You will be assigned to the same (or equivalent) cabin category as for the 2022 cruise. The 2023 cruise sails from San Juan, Puerto Rico, with ports of call in St. Croix, Tortola, Ponce (Puerto Rico), and St. Maarten. We will begin announcing the talent lineup for the 2023 cruise in the coming weeks. For more details on the 2023 cruise, CLICK HERE.
>
> **2) CREDIT OPTION:** Receive a full credit to your SuperCruise account (for the full amount you have paid for 2022) for a future SuperCruise through March 2025.
>
> **3) REFUND OPTION.** Receive a refund for the amount paid for 2022, less 3% deduction for any credit card payments made. Please allow up to 90 days for your refund to be processed.

52.     Thus, Capital Jazz voluntarily offered all cruise passengers a full refund of the total amounts they paid for the Cruise (minus 3% for credit card payments) and promised to pay all

such refunds within 90 days from January 24, 2022—i.e., by no later than April 24, 2022. The only precondition for Capital Jazz's full refund payment was that Cruise passengers had to submit a request on Capital Jazz's website requesting a refund no later than March 1, 2022.

53.     Plaintiffs and—upon information and belief—a substantial number of Cruise passengers submitted forms before the March 1, 2022 deadline requesting a full refund for the Cruise but, to date, Capital Jazz has failed to issue them full refunds as it promised.

54.     For instance, approximately 146 complaints against Capital Jazz have been filed with the Better Business Bureau, an overwhelming majority of which are Cruise passengers who requested a full refund from Capital Jazz but have not received it, such as the examples below[4]:

08/08/2022
**Complaint Type:** Problems with Product/Service
      I paid for Capital Jazz Cruise and I got an email stating cruise was canceled due to the Covid outbreak so I responded back requesting my refund on January 24, 2022 I got a response back from their billing department stating my money will be refunded back within 90 days from the date I put my request in, I contact the billing department several times after the 90 days trying to get my refund, no one called me back they are giving me the run around no one responded back to my email so I am concern about my money.

08/08/2022
**Complaint Type:** Problems with Product/Service
      I originally booked a cabin on the Capital Jazz Supercruise that was scheduled to sail in January 2021. The sailing was canceled due to COVID-19 and rescheduled to January 2022. The January 2022 sailing was also canceled, this time at the last minute also due to COVID-19. I was provided with the option of a refund, keeping my cabin for the next sailing or receiving credit for a future sailing. I opted for a refund and notified Capital Jazz of my decision on February 8, 2022. Capital Jazz first informed us that refunds would be processed in 90 days. In April 2022 they informed us that refunds were taking longer than expected. I have contacted Capital Jazz by phone and email several times. I received one return phone call over three months ago. Capital Jazz is cutting and pasting fhe same reply to all BBB complaints filed. Their stated reason of receiving more requests than expected is disingenuous and intellectually dishonest. They shoukd have expected and been

---

[4] https://www.bbb.org/us/md/clarksville/profile/event-ticket-sales/capital-jazz-fest-0011-90356241/complaints?page=1

prepaded to refund all customers of a canceled cruise. It's been over six months. That's at least 120 business days. Processing 20-30 refunds per day would have all monies returned to customers by now. The delay in providing refunds is poor business and unacceptable. The lack of communication and abysmal customer service is inexcusable.

08/08/2022

**Complaint Type:** Problems with Product/Service

In 2019 I began making payments for a cruise to take place in 2020. The cruise was canceled due to COVID-19. I was provided the option to rebook the cruise in 2021, which I did. My total payments were approximately $3022 The cruise was again canceled in 2021 due to COVID-19. I was offered the opportunity to rebook the cruise or receive a refund minus a 3% admintrative charge. I opted for the refund, which was to be paid in January. To date, the company has failed to pay me the refund. Despite my repeated requests for the refund and attempts to reach a resolution, the company fails to respond.

08/01/2022

**Complaint Type:** Problems with Product/Service

I paid a total of $2,810.00 for a cruise that was supposed to be chartered by Capital Jazz Fest in January of 2021. This was paid in full on 10/19/2020. On 1/7/22, I received an email from Capital Jazz stating the cruise had been canceled due to "serious health and safety concerns" and that we (customers) would receive an email "in the coming weeks with options for refunds or transferring your reservation to a future Super Cruise sailing." I received and email on 1/24/22 outlining refund options which included a full refund, transferring my existing reservation to the next cruise (2023), or receiving a credit for a future cruise through 2025. Sometime in February I responded to Capital Jazz and chose to receive a full refund. I received a confirmation email from them on 2/26/22 stating that the refund could take up to 90 days. On 6/8/22, I received an email stating that my request has been processed and to expect another confirmation email "once customer service has been updated, your refund has been issued by our check processor." On 7/14/22, I emailed Capital Jazz asking for an update on my refund and received an email from them stating that it would be processed soon. At this point, it has been 5 months since I submitted my request for a refund and I've been more than patient with the company. I've called Capital Jazz several times over the last week and no one answer's the phone. I'm aware that this is an unusual situation for them but it has been 7 months since the cruise was supposed to take place and they have also began excepting reservations and I'm assuming payments for the upcoming 2023 cruise. I've received a refund from the airline as well as the hotel that was booked for this trip within the first months of the cruise being canceled. After 7 months, I'm simply requesting a refund, as promised by the company, of all of the funds that I paid in the amount of $2,810 to Capital Jazz.

07/29/2022

**Complaint Type:** Problems with Product/Service

MY name is ****** ****** and I paid $2100 to go on the Capital Jazz Fest cruise which was canceled January 2022 due to COVID-19. Capital Jazz Fest representatives said I would be refunded in 90 days. I've called several times after the 90 the days and was told I would receive an email and they were processing refunds in the order received. They assured me I would get my refund. It is now the end of July and I have not received my refund of $2100.00 nor an email statusing when I will receive my refund since after the 90 days. I want my refund!!!!

07/28/2022

**Complaint Type:** Problems with Product/Service

I notified Capital Jazz of my urgent situation (job loss and pending eviction) and they still will NOT pick up the office phone, nor return phone calls or emails. Capital Jazz continues to be unavailable to customers. When the cruise was canceled, we were told we would receive a refund within 90 days. I formally requested a refund on 2/7/2022. It has been almost 6 months and I have not received my refund.

07/25/2022

**Complaint Type:** Problems with Product/Service

On January 7, 2020, the initial payment was sent to Capital Jazz Supercruise for a total payment of $6,120.00 for a cruise for two people, my husband and I to sail on January 14th- 22nd 2022. On January 7th, 2022 I was informed via email that SuperCruise opted to cancel the cruise. and will be issuing refunds for those who did not want to reschedule their trip. On January 24th, I received an email from SuperCruise with options for cancellation, transfer reservation, or credit towards a future cruise. I opted for the refund; the email stated to submit by March 1, 2022, and it will take up to 90 days for processing. I submitted my refund request and did not receive correspondence until Feb 2, 2022; stating that my request will be processed. The next communication occurred on April 27th, 2022, Capital Jazz Fest stated that they missed their deadline and are working hard to process refunds. I placed several, calls once a week and I was only able to leave a message and emails. I last received an email on June 14th, 2022, stating my refund is pending and I will receive an additional email once my e-check has been issued. Today July 22, 2022, I placed a call to SuperCruise in which all calls for refunds and calls for existing cruise customers are not being answered and sent to voicemail however; calls for new reservations are being answered. I attempted to speak with a customer service representative and was hung up on by a female representative. I attempted to call back several more times and my calls were no longer being answered. I am requesting the assistance of the BBB for a full refund of all monies.

07/25/2022

**Complaint Type:** Problems with Product/Service

Greetings, My husband and I booked a vacation cruise with Capital Jazz SuperCruise in 2020, for the January 2021, cruise which was canceled. We chose to allow the company to keep our full payment an entire year of approximately $8,000, for the 2022, cruise. However, the cruise was canceled again due to Covid. We decided to request a full refund on January 26, 2022. As of date we have not received our refund. We have inquired about this issue many times, and we are getting the run around; In addition, to being told many lies. It is our only desire to receive the money that belongs to us in full, immediately.

07/21/2022

**Complaint Type:** Problems with Product/Service

Capital Jazz Canceled a crusise that was scheduled for January 14th 2022 to Janaury 22nd 2022. On January 7th they notified us saying they will not sail due to Covid, On January 24th 2022 I rquested a full refund of my paid trip and was told money will be sent back within 90 days. as of July 20th 2022 no monies have been refunded... Total amout they owe my is $5,400 dollars.

07/19/2022

**Complaint Type:** Problems with Product/Service

On 9/2020, my wife and I booked our 2022 SuperCruise XIV reservation which would sail January 14-22, 2022. The total amount paid: $8,478.00. Due to Covid, we received an email from Capital Jazz on 1/7/2022 stating they discussed with the cruise liner, Royal Carribbean, the status of the SuperCruise sailing in the wake of the Centers for Disease Control's (CDC) who had recently issued a Level 4 alert, which advised travelers to "Avoid cruise travel, regardless of vaccination status". As a result, Capital Jazz stated, based on feedback from patrons, performers, and staff, they asked the cruise line to cancel the SuperCruise sailing due to serious health and safety concerns. After much discussion with them, Royal Carribbean ultimately refused to cancel the sailing. However, Capital Jazz made the decision to cancel the cruise scheduled to depart the following week. Later in January, we received an email with options for refunds or transferring our reservation to a future SuperCruise sailing. Based on the uncertainty of Covid and other subvariants, we decided to request a refund and were told we would be receiving it within 90 days. To my surprise, they also imposed a penalty for credit card/debit card processing fee of 3% ($254.34). Not only is this unexplainable, but and also unfair. This was out of my control. We have contacted them a few times and were being patient because this is highly unique, but several people have received refunds and we have been patiently waiting, but this is getting to be ridiculous. They are embarking on a 2023 SuperCruise and we still have not received payment. I am requesting the full amount in which we paid of $8478.00 and consider it late fees or an act of good faith since we are regular patrons of the SuperCruises and local jazz fests.

07/15/2022

**Complaint Type:** Problems with Product/Service

January 2022 Capital Jazz hosted a cruise thru Royal Caribbean. It was canceled due to covid. Cap Jazz offered options (90 day refund) for cancelation, I opted for refund. It's been over 90 days, problem has not been resolved and they have the audacity to charge 3% on refund! How can you charge on refund but use a lame excuse saying your system wasn't designed to for large refunds?! I spent approximately $6000 for my wife and I and it is ridiculous on the refund of money they didn't mind taking each month!!

7/13/2022

**Complaint Type:** Problems with Product/Service

January 2022 was not provided the service of a paid cruise. Received written notification that money would be refunded in April of 2022. It has been over 90 days and no refund, updates correspondence from vendor on status and no from response to email inquiries from vendor Capital Jazz regarding refund distribution.

07/13/2022

**Complaint Type:** Problems with Product/Service

We booked a cruise with the Capital Jazz company for the 2021 Super Jazz cruise it was canceled in Jan 2021 due to Covid 19, so we reschedule for January 2022. Again it was canceled due to CDC/Covid again. I requested a refund in January 2022 I was told it would take 90 days. As of today July 12,2022 I have yet to receive my full refund: $5820 minus their processing fee of $174.60 = $5645.40 See the story on WJLA.com Channel 7 news out of Washington DC that aired on July 11,2022 Reporter

06/30/2022

**Complaint Type:** Problems with Product/Service

I am in disbelief with Capital Jazz Cruise lies, unresponsive communication and customer service, etc. My husband and I was scheduled to go on a cruise with Capital Jazz in January 14-22, 2022. They canceled the cruise via email January 27th with several options that has to be answered before March 1, 2022. One was a refund taking 3% off the top. I choose Refund and disputed via email the 3% requesting all my money back. Of course it was denied. They requested us to give them 3 months to process. We paid over $6,000 for this cruise. I have sent several emails only to get all auto email responses. I have called about 50 times getting voicemail and only 1 call back. I have texted the travel agent several times. The only answer I continue to get it's on the way they only have one person processing the refunds and they don't know where request is in the process. Every time That I have been able to take to someone I get the same answer. It is now June 21, 2022 no refund. Called today no answer texted travel agent no answer. CAN YOU PLEASE HELP ME.

06/28/2022

**Complaint Type:** Problems with Product/Service

I booked a Jan 14- 22, 2022 cruise which was canceled by capital jazz super cruise and I am still waiting for my refund of over 5,000 and it is now June 27, 2022. we received an email stating that it has been processed and on June 1, 2022 and still have not received our refund. no ones answers the phone or returns any emails regarding the issue

06/27/2022

**Complaint Type:** Problems with Product/Service

My husband and I was Scheduled to sail out on the Capital Jazz Cruise on January 14-21 ,2022 and it was canceled. That was (6) months ago. I have Tried to get my refund and no one has returned my phone calls or emails.Can someone please help me get my $4420.00.

06/27/2022

**Complaint Type:** Problems with Product/Service

Hello, I was booked on Capital Jazz Fest Supercruise. CJF canceled the cruise and stated that they would provide refunds within 3 months. We were given the option to get a refund or book the next cruise in 2023. On 1/24/22. I requested a refund and was told that I'd get my refund by 4/24/22. It has not arrived. I have called several time and I have not gotten an answer. I have emailed and I have received a form letter ( via email) telling me to wait. That form letter took weeks to receive and I still have not gotten a call back. I need help getting my refund.

55.     Like Plaintiffs, all of the Cruise passengers above requested the refund promised by Capital Jazz but reportedly failed to receive one. As shown above, some of these passengers paid Capital Jazz as much as $8,478 for the Cruise, yet Capital Jazz has failed to refund them and, in many instances, failed to communicate with passengers about the status of the refunds or even answer their emails and/or phone calls.  These complaints further show that—like Plaintiffs—these passengers have attempted to contact Capital Jazz multiple times through various means, to no avail, and have not received any return communications from Capital Jazz.

56.     In limited instances, Capital Jazz has responded to certain Better Business Bureau complaints, but when it does, it merely copies and pastes the same, boilerplate response that fails to provide any specific information about when a refund will be issued:

 **Business response**
07/25/2022

A refund check will be sent by our check processor within several weeks. Our customer service team will notify the customer once it has been processed.

57.    This message further misleads passengers into believing they will receive a refund, only for it never to happen and cause further delay in their ability to seek recourse, as the passengers below state:

07/21/2022
**Complaint Type:** Problems with Product/Service
        Cruise was canceled and was told 90 day wait for refund. It's been over 180 days no response. Total price of cruise $5,820.00. Orginal date of cruise January 16 2021 to January 24 2021. Reservation number for booking # XXXXXXX. ***** ******

- Business response (07/25/2022): A refund check will be sent by our check processor within several weeks. Our customer service team will notify the customer once it has been processed.

- Customer response (07/28/2022): A full refund in timely frame of weeks not months will resolve this complaint.

- Customer response (08/30/2022): Hello as of August XX XXXX still have not recieved refund from Capital Jazz. Please contact Capitol Jazz again so they can with good faith honor their responsibilities. Originally they stated several weeks for refund. Ask them to do the right thing. Thank you

- Customer response (08/31/2022): This has NOT been resolved Capital Jazz is not refunding funds as of August 30 2022. Please inquire their reason for miss leading you and I.

07/15/2022
**Complaint Type:** Problems with Product/Service
        On 1/7/22, I received notification that the Capital Jazz Supercruise 2022 was canceled due to COVID and that a subsequent e-mail would be received with options for refunds or transferring your reservation to a future SuperCruise sailing. On 1/24/22, I received an e-mail with directions on how to get a refund. I responded the same day and went through the link in the e-mail to select the refund option. They responded back via e-mail that they received my request and that I would get a follow-up email once my request has been reviewed and processed. I was told the refund would be received in 90 days. That time has long since passed. I have tried e-mailing them and calling them on several occasions but still I do not have my money. They say that they didn't expect as many people

selecting the refund option and that it is taking them longer than expected. That however is not my problem and in the meantime they have had my $4220 since October of 2020 (the original cruise was scheduled for Jan 2021 and was postponed to 2022 due to COVID).

- Business response (07/20/2022): A refund check will be sent by our check processor within several weeks. Our customer service team will notify the customer once it has been processed.

- Customer response (07/22/2022): As long as they are truthful and honest that they are going to refund my money within the next few weeks, I am ok with their response. But to be honest, they have not been true to their own timeframes.

- Customer response (08/24/2022): I have received no further communication from this company concerning my refund that they stated I would see in a few weeks on July 22, 2022. It has now been over a month since this complaint was closed and over 8 months since I initially requested my refund. I would like this complaint reopened until they pay me my refund.

07/05/2022

**Complaint Type:** Problems with Product/Service

I was scheduled to go on the Capital Jazz SuperCruise on January 14, 2022. In early January, we were notified that the cruise was canceled due to Covid concerns. At that time, we were given the option of rolling over to a future cruise or to receive a refund. They indicated that any refund requests would be processed in 90 days. It is now July 5th and I have yet to receive my refund! I received an email on April 28 stating that my refund had been "processed" and that I will be notified once the refund has been issued by the check processor. Well, as stated, it is July 5th and still no refund. What's even more frustrating is that they will not return any calls or emails. As a matter of fact, the number listed on their website is "no longer in service"! I paid over $6000.00 for that cruise and I surely hope I'm not being left in a lurch!!

- Business response (07/25/2022): A refund check will be sent by our check processor within several weeks. Our customer service team will notify the customer once it has been processed.

- Customer response (07/26/2022): I guess I don't have much choice!

- Customer response (08/22/2022): The original complaint was marked "closed" because I was hopeful the company would be true to its word! However, the issue is still not resolved as I have yet to receive a refund check as promised. I would like to refile this complaint!

58.     Due to Capital Jazz's total lack of communication and updates to passengers about the status of refunds, passengers have been forced to resort to desperate measures to request refunds, such as commenting on Capital Jazz's Facebook posts[5]:



59.     As a direct and proximate result of Capital Jazz's willful refusal to refund Cruise passengers (i.e., Plaintiffs and Class members) for the amounts they paid for the Cruise, passengers have suffered, and continue to suffer, immense economic harm and damages.

---

[5] https://www.facebook.com/capjazzfestcruise/?ref=page_internal

**D.      Capital Jazz Has Demonstrated its Ability to Immediately Refund Cruise Passengers, But Has Opted Not to Do So**

60.      On July 11, 2022, Washington ABC 7News published a story titled, "*7News On Your Side: Capital Jazz Super Cruise issues refunds after I-Team questions*," discussing Capital Jazz's cancellation of the Cruise and its refusal to issue the refunds it promised to Cruise passengers.[6] As alleged herein, the article makes clear that Capital Jazz reportedly canceled the Cruise due to COVID even though the CDC guidelines did not prohibit cruises from taking place:

> On Jan. 7, Capital Jazz emailed canceling the cruise one week out saying the CDC issued a Level 4 Alert advising travelers to avoid cruises …. The cancellation led to a lawsuit filed against Capital Jazz by Royal Caribbean, which says the cruise line didn't cancel the cruise and the CDC alert didn't prohibit people from going on the trip.

61.      The article states further that Washington ABC 7News compiled a list of "more than 50 *new* names" of Cruise passengers that Capital Jazz has refused to refund:

> The 2021 Super Cruise and this year's cruise in January were canceled due to COVID, according to Capital Jazz, which promised refunds in 90 days. But, the 90 days have come and gone. So far the I-Team has forwarded more than 50 new names of viewers to Capital Jazz who are requesting a refund.

Within days of the article's publication, Capital Jazz suddenly issued refunds to a small number of Cruise passengers quoted in the article, but not all, which shows that Capital Jazz is aware that it owes refunds to all Cruise passengers who requested them, has intentionally refused to issue such refunds, and is capable of issuing refunds to any/all passengers instantaneously, as soon as it decides to do so.

62.      Thus, Capital Jazz has knowingly and intentionally failed to refund Cruise passengers the full amounts they paid for the Cruise.

---

[6] https://wjla.com/features/i-team/capital-jazz-cruise-fest-maryland-refund-covid-19-cancellation-7news-royal-carribbean-maryland-dc-virginia-cdc-travel-warning-lawsuit

## <u>CLASS ACTION ALLEGATIONS</u>

63.     Plaintiffs bring this action pursuant to the provisions of Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and the following proposed classes:

**<u>Nationwide Class:</u>**
All persons or entities in the United States who paid Capital Jazz for the Cruise.

**<u>Illinois Subclass:</u>**
All persons or entities who paid Capital Jazz for the Cruise in Illinois.

**<u>New Jersey Subclass</u>**:
All persons or entities who paid Capital Jazz for the Cruise in New Jersey.

64.     Together, the Nationwide Class and the Illinois and New Jersey Subclasses shall be collectively referred to herein as the "Class." Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that paid for the Cruise for purposes of resale, and the Judge(s) assigned to this case. Plaintiffs reserve the right to modify, change or expand the Class definition after conducting discovery.

65.     <u>Numerosity</u>:  The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe that the Class consists of hundreds, if not thousands, of persons and entities that were harmed by Defendant's conduct.

66.     <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of fact and law exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members.  These common factual and legal questions include, but are not limited to:

    a.   Whether Defendant engaged in the conduct alleged herein;

    b.   Whether Defendant should be required to provide full refunds for the Cruise;

    c.   Whether Defendant breached its contracts with Cruise passengers by canceling the Cruise and refusing to issue refunds for the Cruise;

    d.   Whether Defendant was unjustly enriched by its conduct;

    e.   Whether Defendant has converted monies Plaintiffs and the Class paid for the Cruise;

    f.   Whether Defendant's conduct violated the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et seq.;

    g.   Whether Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et seq.;

    h.   Whether Defendant's conduct violated the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101 et seq.;

    i.   Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution, disgorgement, and/or injunctive relief; and

    j.   Whether Plaintiffs and the other Class members are entitled to damages—including punitive and treble damages—and other monetary relief and, if so, in what amount.

67.    <u>Typicality</u>:  All of Plaintiffs' claims are typical of the claims of the Class since both Plaintiffs and all Class members paid for the same Cruise and were deprived a refund by the same Defendant. Plaintiffs and the class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendant's wrongful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class Members.

68.    <u>Adequacy</u>:  Plaintiffs are adequate Class representatives because their interests do not materially or irreconcilably conflict with the interests of the Class that they seek to represent, they have retained counsel competent and highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

69. <u>Superiority</u>: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and the class. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them.  Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Members of the Class can be readily identified and notified based on, *inter alia*, Defendant's records and databases.

70. Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
(on behalf of the Nationwide Class or alternatively the state Subclasses)

71. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

72. Plaintiffs and Class members entered into a contract with Defendant, whereby Plaintiffs and Class members paid Defendant in full for the Cruise, and Defendant promised to perform the Cruise.

73.     The contract was offered by Defendant and was formed at the time Plaintiffs and the Class members accepted it by purchasing reservations for the Cruise.

74.     Plaintiffs and the Class performed their obligations under the contract by providing payment to Defendant in consideration for reservations for the Cruise.

75.     By canceling the Cruise on January 7, 2022, Defendant breached its contract with Plaintiffs and the Class members.

76.     Since canceling the Cruise and breaching its contract on January 7, 2022, Defendant has refused to refund Plaintiffs and the Class the purchase price for Cruise reservations.

77.     At no time during the formation of the contract did Defendant disclose or include a provision stating that it would refuse to refund Plaintiffs and the Class in the event it canceled the Cruise. Furthermore, when Defendant breached the contract on January 7, 2022, it sent an email to Plaintiffs and the Class members promising to provide a full refund for the total amount paid for Cruise reservations (less 3% for credit card payments). Yet, to date, Defendant has failed to fulfill that promise and issue refunds to Plaintiffs and Class members, which constitutes further breach of the parties' contract.

78.     As a direct and proximate result of Defendant's breach of the contract and failure to fulfill its additional promise to issue full refunds to Plaintiffs and Class members, Plaintiffs and the Class have suffered monetary damages.

79.     Plaintiffs and the Class seek injunctive relief including but not limited to the return of any amounts paid to Defendant for Cruise reservations, as well as monetary damages, attorneys' fees, costs, and interest.

## COUNT II
## CONVERSION
(on behalf of the Nationwide Class or alternatively the state Subclasses)

80.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

81.     Plaintiffs and the Class are entitled to a refund of monies paid in exchange for the Cruise because Defendant canceled it.

82.     Plaintiffs and the Class have demanded that Defendant return the full amounts they paid for the Cruise.

83.     Defendant has refused to issue refunds to Plaintiffs and the Class and therefore has unlawfully and without authorization assumed and exercised dominion and control over that property to the exclusion of, or inconsistent with, the rights of Plaintiffs and the Class, which constitutes conversion of Plaintiffs' and the Class' money.

84.     Defendant's conversion has damaged Plaintiffs and the Class in the amount that they paid for the Cruise.

85.     Plaintiffs and the Class are entitled to recover the amount each paid to Defendant for the Cruise, as well as attorneys' fees, costs and interest.

## COUNT III
## UNJUST ENRICHMENT
(on behalf of the Nationwide Class or alternatively the state Subclasses)

86.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

87.     Plaintiffs and the Class conferred a direct benefit on Defendant by purchasing Cruise reservations and making payments directly to Defendant for such reservations.

88.     Defendant knowingly and willingly accepted and enjoyed the benefits conferred on it by Plaintiffs and the Class.

89.     Defendant's retention of these benefits is unjust and inequitable under the circumstances.

90.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and the Class are entitled to restitution, disgorgement, and injunctive relief including but not limited to the return of the full amount each paid for the Cruise, as well as monetary damages, attorneys' fees, costs and interest.

**COUNT IV**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ("NJCFA")**
**N.J. Stat. Ann. §§ 56:8-1, et seq.**
(on behalf of the New Jersey Class)

91.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

92.     Plaintiff Santiago, the New Jersey Class members, and Defendant are persons within the meaning of N.J. Stat. Ann. § 56-8-1(d).

93.     Defendant is engaged in the "sale" of "merchandise" within the meaning of N.J. Stat. Ann. § 56:8-1(c), which includes "services" such as the Cruise.

94.     The NJCFA prohibits:

The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice ....

N.J. Stat. Ann. § 56:8-2.

95.     Defendant engaged in unconscionable and/or abusive commercial practices by promising to refund Plaintiff Santiago and Class members for the full amounts each paid for the Cruise, but then knowingly and intentionally refusing to do so, as promised (i.e., by making a

"false promise" to refund Plaintiff Santiago and Class members, as prohibited by N.J. Stat. Ann. § 56:8-2).

96.      Plaintiff Santiago and New Jersey Class members suffered ascertainable loss as a direct and proximate result of Defendant's unconscionable and deceptive acts and practices in the form of the multiple thousands of dollars they each paid for Cruise reservations, that Defendant has knowingly and intentionally refused to refund despite its promise to do so.

97.      As permitted under N.J. Stat. Ann. § 56:8-19, Plaintiff Santiago and New Jersey Class members seek injunctive relief including but not limited to the return of the full amount each paid for the Cruise, as well as trebled damages and reasonable attorney's fees.

### COUNT V
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES ACT
### 815 ILCS 505/1 et seq. ("ICFA")
(on behalf of the Illinois Class)

98.      Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

99.      Plaintiff Denson, the Illinois Class members, and Defendant are persons within the meaning of 815 ILCS 505/1(c).

100.     Defendant is engaged in the "sale" of "merchandise" within the meaning of 815 ILCS 505/1(b) and (d), which includes "services" such as the Cruise.

101.     The ICFA prohibits:

the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby...…

815 ILCS 505/2.

102.    Defendant engaged unfair or deceptive acts or practices by promising to refund Plaintiff Denson and Class members for the full amounts each paid for the Cruise, but then knowingly and intentionally refusing to do so, as promised (i.e., by making a "false promise" to refund Plaintiff Denson and Class members, as prohibited by 815 ILCS 505/2).

103.    Defendant intended for Plaintiff Denson and Class members to rely upon its false promise to refund the full amount they each paid for the Cruise in order to divert them from electing the two alternative options Defendant offered all Cruise passengers after canceling the cruise, which are set forth below:

> **1) TRANSFER OPTION:** Transfer your reservation to next year's SuperCruise (sailing January 15-22, 2023), at no additional cost. You will be assigned to the same (or equivalent) cabin category as for the 2022 cruise. The 2023 cruise sails from San Juan, Puerto Rico, with ports of call in St. Croix, Tortola, Ponce (Puerto Rico), and St. Maarten. We will begin announcing the talent lineup for the 2023 cruise in the coming weeks. For more details on the 2023 cruise, CLICK HERE.

> **2) CREDIT OPTION:** Receive a full credit to your SuperCruise account (for the full amount you have paid for 2022) for a future SuperCruise through March 2025.

Defendant had a financial incentive to divert Plaintiff Denson and Class members from the two foregoing options. Specifically, every Cruise passenger Defendant was able to divert away from the first option above resulted in an additional room on the 2023 cruise that Defendant could sell for thousands of dollars. Similarly, every Cruise passenger Defendant was able to divert away from the second option above resulted in a credit Defendant did not have to issue that passenger for future services sold by Capital Jazz. Thus, Defendant intentionally made the false promise to fully refund Plaintiff Denson and Class members and intended for them to rely on that promise so that they would choose the refund option instead of the other two options, because Defendant knew it would refuse to issue all such refunds.

104.    Defendant's false promise and deceptive conduct was made in the course of conduct involving trade or commerce—i.e., Defendant's sale of reservations for the Cruise.

105.    Plaintiff Denson and Illinois Class members suffered actual damage and ascertainable loss as a direct and proximate result of Defendant's unfair or deceptive acts or practices in the form of the multiple thousands of dollars they each paid for Cruise reservations, that Defendant has knowingly and intentionally refused to refund despite its promise to do so.

106.    As permitted under 815 ILCS 505/10a, Plaintiff Denson and Illinois Class members seek punitive damages, as well as restitution and injunctive relief including but not limited to the return of the full amount each paid for the Cruise, as well as monetary damages and reasonable attorney's fees.

**COUNT VI**
**MARYLAND CONSUMER PROTECTION ACT**
**Md. Code Ann., Com. Law § 13-101 et seq. ("MCPA")**
(on behalf of the Illinois Class)

107.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

108.    Plaintiffs, Class members, and Defendant are persons within the meaning of Md. Code Ann., Com. Law § 13-101(h).

109.    Defendant is a "merchant" of "consumer services" within the meaning of Md. Code Ann., Com. Law §§ 13-101(d) and (g).

110.    The MCPA prohibits:

(1) False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

(3) Failure to state a material fact if the failure deceives or tends to deceive; and

(9) Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a

consumer rely on the same in connection with: (i) The promotion or sale of any consumer goods, consumer realty, or consumer service;

Md. Code Ann., Com. Law §§ 13-101 (1), (3), and (9).

111.    Defendant engaged in unfair and deceptive trade practices as defined by Md. Code Ann., Com. Law §§ 13-101, by promising to refund Plaintiffs and Class members for the full amounts each paid for the Cruise, but then knowingly and intentionally refusing to do so, as promised.

112.    Plaintiffs and Class members relied upon Defendant's false promise that it would refund them in full for the Cruise.

113.    Plaintiffs and Class members suffered ascertainable loss as a direct and proximate result of Defendant's unconscionable and deceptive acts and practices in the form of the multiple thousands of dollars they each paid for Cruise reservations, that Defendant has knowingly and intentionally refused to refund despite its promise to do so.

114.    Plaintiffs and Class members seek injunctive relief including but not limited to the return of the full amount each paid for the Cruise, as well as damages and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class defined above, respectfully request that the Court enter judgment against Defendant and award the following relief:

A.    Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiffs as the representatives of the Classes, and Plaintiffs' counsel as counsel for the Classes;

B.      An order awarding declaratory relief and temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.      Appropriate injunctive and/or declaratory relief, disgorgement, and/or restitution, including, without limitation, an order that requires Defendant to fully refund Plaintiffs and Class members for the amounts they paid for the Cruise;

D.      An award of appropriate damages, including punitive and/or treble damages, for Plaintiffs' and Class members' losses;

E.      A declaration that Defendant is financially responsible for all Class notice and the administration of Class relief;

F.      An order awarding any applicable statutory and civil penalties;

G.      An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

H.      An award of costs, expenses, and attorneys' fees as permitted by law; and

I.      Such other or further relief as the Court may deem appropriate, just, and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.


Dated: October 3, 2022                          Respectfully submitted,


                                                 */s/ James P. Ulwick*
                                                James P. Ulwick (Federal Bar. No. 00536)
                                                **KRAMON & GRAHAM, P.A.**
                                                One South Street, Suite 2600
                                                Baltimore, Maryland 21202
                                                (410) 752-6030 (telephone)
                                                (410) 539-1269 (facsimile)
                                                julwick@kg-law.com

Joseph G. Sauder
Mark B. DeSanto
**SAUDER SCHELKOPF**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (888) 711-9975
Facsimile: (610) 421-1326
jgs@sstriallawyers.com
mbd@sstriallawyers.com

*Attorneys for Plaintiffs and the Putative Class*